```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
MICHAEL BONANO, *pro se*,                    :
                                             :
                         Plaintiff,          :
                                             :                **MEMORANDUM AND ORDER**
                -against-                    :                12-CV-5879 (DLI) (LB)
                                             :
ILENE STANISZEWSKI, Senior Parole:
Officer, Brooklyn II Parole Bureau; WILLIAM:
McCARTNEY, Bureau Chief, Brooklyn II:
Parole Bureau; ANDREA W. EVANS,:
Chairwoman, NY State Division of Parole;:
TERRENCE X. TRACY, Chief Counsel, NY:
State Division of Parole; AMANDA MEEKS,:
Drug Treatment Court Case Manager;:
FRANCIS J. CARUSO, Assistant Director of:
Operations, NY State Division of Parole; and:
NY STATE DIVISION OF PAROLE,                 :
                                             :
                         Defendants.         :
                                             :
------------------------------------------------------------ x
```

**DORA L. IRIZARRY, U.S. District Judge:**

Michael Bonano ("Plaintiff"), who is incarcerated at Cayuga Correctional Facility, filed this *pro se* complaint against the New York State Division of Parole (the "Division of Parole"), several of that agency's officials, and a case manager for the Drug Treatment Court diversion program in Manhattan. Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. 1915, while proceeding *in forma pauperis,* Plaintiff must pay the total $350 fee by monthly installments deducted from plaintiff's prison trust fund account (or institutional equivalent). For the reasons set forth below: (1) Plaintiff's claims for money damages against the Division of Parole and the individual defendants in their official capacities are dismissed; and (2) to the extent that Plaintiff seeks prospective injunctive relief against the Division of Parole, that claim may proceed.

## BACKGROUND

The following details are set forth in Plaintiff's complaint and prior actions.[1] In March 2004, Plaintiff was convicted of third degree robbery and third degree burglary and sentenced to a term of imprisonment. *Cusamano v. Alexander*, 691 F. Supp. 2d 312, 315 (N.D.N.Y. 2009). On January 10, 2007, Plaintiff was released from prison pursuant to standard and special parole conditions, which included the requirement that Plaintiff submit to substance abuse testing and participate in a substance abuse treatment program. *Id.* at 316.

### I. Early Termination of Parole

In February 2009, Plaintiff sought early termination of his parole conditions. (Compl. ¶ 4.) During that month, Steve McClymont, Plaintiff's parole officer at the Brooklyn reporting office, submitted an early termination request on Plaintiff's behalf to the central office of the New York Division of Parole. (*Id.*) McClymont purportedly informed Plaintiff that similar early termination requests were granted in two weeks. (*Id.* ¶ 5.) By August 2009, because he still had not received a decision on his early termination application, Plaintiff wrote a letter to defendant Andrea W. Evans, Chairwoman of the Division of Parole in Albany, to inquire about its status. (*Id.* ¶ 14.) On October 7, 2009, Plaintiff received a response from Staniszewski and defendant William McCartney, the Bureau Chief of the Brooklyn II Parole Office, which stated, "[Y]ou are still subject to [p]arole supervision. Your M.E. date is 3/5/12. There have been no early discharges granted at this point." (*Id.* ¶ 15.)

---

[1] Plaintiff has filed prior actions, in this Court and others, under the names Michael Bonano, Anthony Cusamano, and Anthony Armatullo. *See, e.g.*, *Cusamano v. Alexander*, No. 08 CV 781(DNH)(ATB); *Cusamano v. Sobek*, 604 F. Supp. 2d 416 (N.D.N.Y. 2009); *Cusamano v. Donelli*, 2007 WL 7216166 (S.D.N.Y. Dec. 19, 2007); *Armatullo v. Taylor*, 2005 WL 2386093 (S.D.N.Y. Sept. 28, 2005).

## II. Diversion Program

On May 6, 2009, while Plaintiff's request for early termination of parole was still pending, Plaintiff was arrested and charged with first degree robbery. (*Id.* ¶ 12.) Plaintiff informed his parole officer of the arrest on May 9, 2009 and spent the next 19 months in pretrial detention; however, no parole violation/revocation proceedings were commenced. (*Id.* ¶¶ 12-13, 28.) On June 18, 2010, the Honorable Richard D. Carruthers of New York State Supreme Court, New York County, transferred Plaintiff to the Manhattan Drug Treatment Court to determine Plaintiff's eligibility for a Judicial Diversion Program. (*Id.* ¶ 31.) According to Plaintiff, defendants Amanda Meeks and Staniszewski relied upon and gave false information to the Manhattan Treatment Court and opposed Plaintiff's participation in the Judicial Diversion Program. (*Id.* ¶¶ 32-36, 40-42.) As a result of the Division of Parole's opposition to Plaintiff's participation in the Diversion Program, Plaintiff's case was returned to New York State Supreme Court, New York County on July 14, 2010. (*Id.* ¶ 43.) Thereafter, on March 31, 2011, Plaintiff was convicted and sentenced to two consecutive terms of imprisonment of from 3 to 6 years. (*Id.* ¶ 56.)

## III. The Complaint

Plaintiff asserts fifteen "Causes of Action" against different combinations of the named defendants. (Compl. at 23-26.) The Complaint separately includes: (1) a "First Claim," which summarizes Plaintiff's causes of action related to the "delayed," "obscure[d]," and "denied" early termination application; and (2) a "Second Claim," which details Plaintiff's causes of action related to his eligibility for the Diversion Program. (*Id.* at 27-28.) Plaintiff also seeks $14 million in damages, demands that the named defendants be terminated from their positions, and requests "injunctive relief preventing the Division of Parole from mandating me to participate or

enroll in drug treatment upon my eventual release to parole supervision." (*Id.* at 29.)

## DISCUSSION

### I. Standard of Review

Title 28 of the United States Code § 1915A requires this Court to review the complaint in a civil action in which a prisoner seeks redress from a governmental entity or from officers or employees thereof, and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

### II. Claims for Money Damages

The Eleventh Amendment to the U.S. Constitution bars suits for compensatory or other retroactive relief against states, state agencies, and state officials sued in their official capacities absent their consent to such suits or an express statutory waiver of immunity. *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). "New York has not waived its immunity as to suits seeking either monetary or injunctive relief in federal court, . . . nor has Congress abrogated such immunity." *Dudley v. Meekins*, 2013 WL 1681898, at *2 (E.D.N.Y.

4

Apr. 17, 2013) (citation and internal quotations omitted). Thus, as an agency or arm of the State of New York, the Division of Parole is immune from suit under the Eleventh Amendment. *See McCloud v. Jackson*, 4 F. App'x 7, 10 (2d Cir. 2001) (dismissing plaintiff's claims against New York State Division of Parole because "the Eleventh Amendment bars suits against states and state agencies"); *Coleman v. City of N.Y.*, 2009 WL 705539, at *4 (E.D.N.Y. Mar. 16, 2009) ("The Eleventh Amendment bars plaintiff's § 1983 suit against the New York State Division of Parole as it is a state agency."); *Heba v. N.Y. State Div. of Parole*, 537 F. Supp. 2d 457, 471 (E.D.N.Y. 2007) (barring Section 1983 action against New York State Division of Parole on the basis of Eleventh Amendment sovereign immunity).

The Eleventh Amendment also "operates to prevent recovery against state employees sued in their official capacity for money damages." *Singleton v. Fischer*, 2013 WL 1339051, at *2 (S.D.N.Y. Apr. 3, 2013) (citing *Will*, 491 U.S. at 58). Thus, Plaintiff's claims for monetary damages against New York State officials sued in their official capacities are dismissed with prejudice.[2]

## III. Prospective Injunctive Relief

Liberally construing the complaint, Plaintiff apparently claims that the Division of Parole acted arbitrarily and capriciously based, in part, on false and inaccurate information contained in Plaintiff's parole records. (Compl. ¶¶ 40-45.) Courts have recognized that individuals may have a constitutional right to have incorrect information expunged from parole files. *Foster v. N.Y.C. Prob. Dep't.*, 2013 WL 1342259, at *5 (E.D.N.Y. Mar. 7, 2013) ("[A]ssuming plaintiff has a constitutional right to have incorrect information expunged from his file, he appears to have

---

[2] The Court need not determine at this juncture whether Plaintiff's claims may be time-barred. *See Abbas v. Dixon*, 480 F.3d 636, 640-42 (2d Cir. 2007) (finding district court erred in dismissing *sua sponte* Section 1983 claims as time-barred without granting prisoner-plaintiff

5

adequately pled such a claim."); *Lowrance v. Coughlin*, 862 F. Supp. 1090, 1119-20 (S.D.N.Y. 1994) (recognizing a right to a new parole hearing "based on accurate information"); *Farinaro v. Coughlin*, 642 F. Supp. 276, 281-82 (S.D.N.Y. 1986) (recognizing a "limited constitutional right to have incorrect information expunged from [the] record" where such information is relied upon to deny parole). Accordingly, to the extent that Plaintiff seeks prospective injunctive relief, *inter alia*, to correct his parole file, this claim may proceed. *See Fulton v. Goord*, 591 F.3d 37, 45 (2d Cir. 2009) (noting that suits for prospective injunctive relief are not barred by the Eleventh Amendment).

## CONCLUSION

For the reasons set forth above, Plaintiff's claims for monetary damages are dismissed pursuant to 28 U.S.C. § 1915A(b). The summons shall issue, and the United States Marshals Service is directed to serve the summons and complaint on the named defendants. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
       August 29, 2013

/s/
DORA L. IRIZARRY
United States District Judge

---

notice and opportunity to be heard).