UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MICHAEL BONANO, *pro se*,

                     Plaintiff,

                   -against-

ILENE STANISZEWSKI, *Senior Parole Officer*,
WILLIAM McCARTNEY, *Brooklyn II Bureau Chief*,
ANDREA W. EVANS, *New York State Parole Chairwoman*, TERRENCE X. TRACY, *Parole Chief Counsel*, AMANDA MEEKS, *Manhattan Drug Court Evaluator*, FRANCIS J. CARUSO, *Assistant Director of Operations*, NEW YORK STATE DIVISION OF PAROLE,

                   Defendants.
------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
12-CV-5879 (DLI)(LB)

**DORA L. IRIZARRY, U.S. District Judge:**

      Michael Bonano ("Plaintiff") filed this *pro se*[1] complaint against the New York State Division of Parole (the "Division of Parole"), several of that agency's officials, and a case manager for the Drug Treatment Court diversion program in Manhattan (collectively, "Defendants"). (Compl., Doc. Entry No. 1.) On August 29, 2013, this Court granted Plaintiff's motion for leave to proceed *in forma pauperis* and dismissed certain claims asserted in the complaint (the "Order"). (*See* Order, Doc. Entry No. 7.) Plaintiff moves for reconsideration of the Court's August 29, 2013 Order. (Notice of Pl.'s Motion, Doc. Entry No. 15.) Defendants oppose. (Reply Mem. of Law Further Supporting Defs.' Mot. to Dismiss the Compl. ("Defs.' Reply") at 3, Doc. Entry No. 25.) Also before the Court is Defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Notice of Defs.' Mot., Doc.

---
[1] In reviewing Plaintiff's submissions, the court is mindful that, "[a] document filed *pro se* is to be liberally construed and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, the court interprets Plaintiff's submissions "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons,* 470 F. 3d 471, 474 (2d Cir. 2006) (emphasis omitted).

Entry No. 19.)[2] Plaintiff opposes. (Decl. in Supp. of Resp./Opp. to Defs.' Mot. ("Pl.'s Resp."), Doc. Entry No. 23.)

For the reasons stated herein, Plaintiff's motion for reconsideration is denied, and Defendants' motion to dismiss is granted in part and denied in part. The Court provides certain clarifications of its prior Order in light of Plaintiff's *pro se* status.

To the extent that Plaintiff's submissions can be read to include a request that the Court grant summary judgment in his favor (Mem. of Law in Supp. of Mot. for Reinstatement of Monetary Claims and Causes of Action ("Pl.'s Mem.") at 5-6, Doc. Entry No. 16), summary judgment is denied without prejudice as premature. Similarly, Plaintiff's request that the Court impose sanctions on the Defendants (Pl.'s Resp. at 14) is denied as unwarranted under the present circumstances. Moreover, Plaintiff's request does not comply with Rule 11 of the Federal Rules of Civil Procedure, which requires that a motion for sanctions must be made separately from any other motion. Fed. R. Civ. P. 11. However, Defendants are urged to ensure that they accurately represent Plaintiff's arguments and allegations. Finally, Plaintiff's request for leave to amend the complaint is denied, without prejudice in light of Plaintiff's *pro se* status, for failure to provide sufficient information for the Court to the motion. (Pl.'s Resp. at 11.) If Plaintiff decides to renew his request to amend the complaint, he should provide a proposed amended complaint along with the motion.

## BACKGROUND

The following facts are taken from the complaint and matters of which judicial notice may be taken, and are assumed true solely for purposes of the instant motions.

In 2000, Plaintiff was convicted of attempted assault in the second degree and sentenced

---

[2] Defendants initially moved to revoke Plaintiff's IFP status, but have since withdrawn this request. (Defs.' Reply at 2.)

to an indeterminate sentence of two to four years of imprisonment. (Compl. ¶ 24.) On July 11, 2003, Plaintiff was conditionally released after having served thirty-two months. (*Id.*)

In March 2004, Plaintiff was sentenced to a three-and-one-half to seven-year term of imprisonment for third degree robbery and third degree burglary. (Compl. ¶¶ 25, 28.) *Cusamano v. Alexander*, 691 F. Supp. 2d 312, 315 (N.D.N.Y. 2009). On January 10, 2007, Plaintiff was released from prison pursuant to standard and special parole conditions, which included the requirement that Plaintiff submit to substance abuse testing and participate in a substance abuse treatment program. *Id.* at 316. Plaintiff was reincarcerated twice for parole violations in 2007. *Id.* On February 8, 2008, Plaintiff again was released from prison pursuant to his previous special conditions as well as several additional requirements. *Id.*

On July 18, 2008, Plaintiff, under the alias Anthony Cusamano, filed a civil rights lawsuit against the Division of Parole and several of its officers alleging that the imposition of special parole conditions violated his constitutional rights (the "*Cusamano* action"). (Compl. ¶¶ 1-2 (citing *Cusamano v. Alexander*, 08-cv-781 (DNH)(ATB) (N.D.N.Y.)). Plaintiff's claims ultimately were unsuccessful: several causes of action in the *Cusamano* action were dismissed for failure to state a claim, *Cusamano*, 691 F. Supp. 2d 312, and his remaining claims were dismissed through summary judgment. *Cusamano v. Alexander*, 08-cv-781, Doc. Entry No. 46.

In February 2009, Plaintiff sought early termination of his special parole conditions. (Compl. ¶ 4.) Steve McClymont ("Officer McClymont"), Plaintiff's New York State parole officer at the Brooklyn reporting office, submitted an early termination request on Plaintiff's behalf to the central office of the New York State Division of Parole. (*Id.*) Officer McClymont purportedly informed Plaintiff that similar early termination requests were typically granted in two weeks. (*Id.* ¶ 5.) In March 2009, the Division of Parole indicated that it would not grant

Plaintiff's early termination request without documentation that he had completed his outpatient drug treatment program. (*Id.* ¶ 6.) Plaintiff and Officer McClymont forwarded documentation from the outpatient program, but Defendant Ilene Staniszewski ("Officer Staniszewski") "simply held it for a few weeks, rather than forwarding it promptly to Albany Parole" and eventually called Plaintiff's outpatient counselor to verify the documentation. (*Id.* ¶¶ 7-10.)

On May 6, 2009, while Plaintiff's request for early termination of parole was pending, Plaintiff was arrested and charged with first degree robbery. (*Id.* ¶ 12.) Plaintiff informed his parole officer of the arrest on May 9, 2009 and spent the next 19 months in pretrial detention; however, no parole violation or revocation proceedings were commenced. (*Id.* ¶¶ 12-13, 28.)

By August 2009, because he still had not received a decision on his early termination application, Plaintiff wrote a letter to Defendant Andrea W. Evans ("Chairwoman Evans"), Chairwoman of the Division of Parole, to inquire about its status. (*Id.* ¶ 14.) On October 7, 2009, Plaintiff received a response from Officer Staniszewski and Defendant William McCartney, the Bureau Chief of the Brooklyn II Parole Office, which stated, "[Y]ou are still subject to [p]arole supervision. Your M.E. date is 3/5/12. There have been no early discharges granted at this point." (*Id.* ¶ 15.) On November 16, 2009, Plaintiff wrote to Chairwoman Evans and Officer Staniszewski again regarding his early termination request. (*Id.* ¶¶ 16-20.) Plaintiff's letters were not answered. (*Id.* ¶ 21.)

On June 18, 2010, the Honorable Richard D. Carruthers of New York State Supreme Court, New York County, transferred Plaintiff's case to the Manhattan Drug Treatment Court (the "drug court") to determine Plaintiff's eligibility for a Judicial Diversion Program in connection with his 2009 arrest for first degree robbery (the "diversion program"). (*Id.* ¶ 31.) In July 2010, Defendants Amanda Meeks and Officer Staniszewski allegedly gave false information

to the drug court opposing Plaintiff's participation in the diversion program in retaliation for the *Cusamano* action. (*Id.* ¶¶ 32-42.) As a result of the Division of Parole's opposition to Plaintiff's participation in the diversion program, Plaintiff's case was returned to New York State Supreme Court, New York County. (*Id.* ¶¶ 43-49.) Plaintiff wrote to Chairwoman Evans informing her of "[Officer] Staniszewski's arbitrary and vindictive opposition" and asking her to intervene, but Plaintiff received no response. (*Id.* ¶¶ 50-55.)

On November 23, 2010, Plaintiff wrote to Chairwoman Evans seeking a certificate of discharge on his 2004 sentence for third degree robbery and third degree burglary. (Compl. ¶ 22.) On March 25, 2011, Plaintiff received a letter indicating that he could not be granted a notice of discharge because he had not completed his sentence. (*Id.* ¶ 23.) According to the Plaintiff, he was informed that he had to serve the remaining sixteen months of his 2000 sentence for attempted assault in the second degree. (*Id.* ¶¶ 24-25, 29.) Thereafter, a series of letters were exchanged between Plaintiff and the Division of Parole regarding Plaintiff's sentence. (*Id.* ¶¶ 26-27.) Plaintiff argued, *inter alia*, that the Division of Parole had miscalculated his maximum expiration and conditional release dates, wrongfully extending his potential term of incarceration. (*Id.* ¶¶ 28-29, 56.) In December 2010, Plaintiff was convicted of first degree robbery, and on March 31, 2011, Plaintiff was sentenced to two consecutive terms of imprisonment of from 3 to 6 years. (*Id.* ¶¶ 22, 56.)

On November 15, 2012, Plaintiff filed the instant action. Plaintiff asserts fifteen "Causes of Action" against different combinations of the named Defendants. (Compl. at 23-26.) Each of the individual Defendants is sued in his or her personal and official capacities. (*Id.* at 2-3.) Reading the complaint liberally, Plaintiff alleges that the Defendants retaliated against him for

bringing the *Cusamano* action[3] by: 1) delaying decision on and denying his request for early termination of his parole conditions ("early termination claim"); 2) providing false information in opposition to Plaintiff's admission to a drug diversion program ("diversion program claim"); and 3) miscalculating or extending Plaintiff's sentence ("sentence miscalculation claim"). (Compl. ¶ 58.) Plaintiff seeks $14 million in damages, demands that the named defendants be terminated from their positions, and requests "injunctive relief preventing the Division of Parole from mandating [him] to participate or enroll in drug treatment upon [his] eventual release to parole supervision." (*Id.* at 29.) Plaintiff's submissions indicate that he also seeks to enjoin Defendants "from denying [him] release in 2015, as such denial should be presumed to perpetuate Parole's vindictiveness. . . ." (Pl.'s Resp. at 12.) On August 29, 2013, this Court *sua sponte* dismissed Plaintiff's claims for monetary damages against the individual Defendants in their official capacities on sovereign immunity grounds. On October 8, 2013, Plaintiff moved for reconsideration of the Court's Order. On December 2, 2013, Defendants moved to dismiss the complaint.

## DISCUSSION

### I. Motion for Reconsideration

Plaintiff moves pursuant to Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60") for reconsideration of the Court's August 29, 2013 Order. Defendants oppose, arguing that Plaintiff's motion is: 1) untimely because it was filed more than fourteen days after entry of the Order; and 2) meritless because "there is no liberty interest in being free from the special conditions imposed on parole." (Defs.' Reply at 3-4.)

---

[3] In his submissions in connection with the instant motions, Plaintiff states that the Defendants' actions were also taken in retaliation for an additional lawsuit he filed against employees of the New York State Department of Corrections. (*See e.g.*, Notice of Motion at 2-3 (citing *Cusamano v. Sobek*, 6-cv-0623 (GTS)(GHL) (N.D.N.Y.)).

6

### A. Timeliness

Defendants contend that Plaintiff's motion is untimely pursuant to Local Rule 6.3. (Defs.' Reply at 3). Local Rule 6.3 provides that motions for reconsideration must be served within fourteen days after the entry of a court order. E.D.N.Y Local Civ. R. 6.3. The Court's Order was issued on August 29, 2013. Plaintiff's motion for reconsideration is dated September 27, 2013, and was filed on August 8, 2013. Taking the earlier date, twenty-nine days passed before Plaintiff served his motion for reconsideration. Thus, Plaintiff's motion would be untimely if brought pursuant to Local Rule 6.3. However, Plaintiff's motion for reconsideration was brought pursuant to Rule 60, which provides that such motions "must be made within a reasonable time" or, for motions made under certain subsections of Rule 60, "no more than a year after the entry of judgment." Fed. R. Civ. P. 60(c)(1). Moreover, "[a]n untimely motion for reconsideration [pursuant to Local Civil Rule 6.3] is treated as a Rule 60(b) motion." *Manney v. Intergroove Tontrager Vertriebs GMBH*, 2012 WL 4483092, at *1, n.2 (E.D.N.Y. Sept. 28, 2012) (quoting *Lora v. O'Heaney*, 602 F.3d 106, 111 (2d Cir. 2010)).

Accordingly, Plaintiff's motion for reconsideration is timely, but he may only seek reconsideration pursuant to one of the grounds set forth in Rule 60(b). *See id.*

### B. Merits

Plaintiff contends that the Court should grant his motion for reconsideration pursuant to Rule 60(b)(1) and (6), which provide, in relevant part, that relief may be granted for: (1) mistake, inadvertence, surprise, or excusable neglect; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1), (6). (Notice of Pl.'s Motion at 1). The Second Circuit Court of Appeals has found that Rule 60(b)(1) and Rule 60(b)(6) are "mutually exclusive," such "that any conduct which generally falls under the former cannot stand as a ground for relief under the latter."

7

*Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012). Thus, "[w]here a party's Rule 60(b) motion is premised on grounds fairly classified as mistake, inadvertence, or neglect, relief under Rule 60(b)(6) is foreclosed." *Id.*

Here, Plaintiff's argues that the Court should grant his motion for reconsideration on the basis that the Order contained several errors. Therefore, the Court considers whether relief is justified pursuant to Rule 60(b)(1) rather than Rule 60(b)(6). Specifically, Plaintiff argues that the Court erred by: 1) overlooking Plaintiff's claim that the Defendants' alleged misconduct was undertaken in retaliation for lawsuits brought by the Plaintiff against the Parole Division and its employees; 2) dismissing all of Plaintiff's claims for monetary liability; and 3) mischaracterizing Plaintiff's request for injunctive relief. (Notice of Motion at 5-8; Pl.'s Mem.) For the reasons stated herein, Plaintiff has failed to identify instances of "mistake, inadvertence, surprised, or excusable neglect" that would justify the relief sought. *See United States v. Manne*, 510 F. App'x 83, 85 (2d Cir. 2013) (finding that, although Rule 60(b) "should be broadly construed to do substantial justice, it may be invoked only upon a showing of exceptional circumstances"). However, the Court finds that certain clarifications of the Court's Order are warranted in light of Plaintiff's *pro se* status.

First, Plaintiff argues at length that he has alleged facts plausibly supporting a claim that the Defendants acted in retaliation for lawsuits he had brought against them. However, the Court's Order dismissing Plaintiff's claims for monetary damages against the individual Defendants in their official capacities was based on sovereign immunity grounds rather than deficiencies in Plaintiff's factual allegations. (Ord. at 4-5.) Therefore, the plausibility of Plaintiff's claim for retaliation is irrelevant.

Second, Plaintiff claims that the Court incorrectly dismissed all of his claims for

monetary damages. Although Plaintiff sued the individual Defendants in both their official and personal capacities, the Court's Order did not address Plaintiff's claims against the Defendants in their personal capacities. (*See* Compl. at 2-3; Ord.) Since the Eleventh Amendment does not bar suits for monetary damages against government officials in their personal capacities, such claims were not dismissed by the Court's Order and remain to be adjudicated. *See Shabazz v. Coughlin*, 852 F.2d 697, 700 (2d Cir. 1988) (finding that defendants sued in their personal capacity in a civil rights action are not entitled to assert "the Eleventh Amendment bar, which by definition is available only to government entities").

Third, Plaintiff contends that the Court mischaracterized his claim for injunctive relief by indicating that he sought only to "correct his Parole file." In fact, the Order stated that Plaintiff requested that the named Defendants be terminated from their positions and that the Defendants be prevented "from mandating [Plaintiff] to participate or enroll in drug treatment upon his eventual release to parole supervision." (Ord. at 3-4 (citing Compl. at 29)). The Court found that "to the extent that Plaintiff seeks prospective injunctive relief, *inter alia*, to correct his parole file, this claim may proceed." (Ord. at 6.) The Order did not specifically preclude Plaintiff from pursuing any form of injunctive relief.

In sum, Plaintiff's motion for reconsideration is denied due to Plaintiff's failure to identify "mistake, inadvertence, surprise, or excusable neglect" justifying the relief sought. However, the Court has provided certain clarifications to assist the parties in light of Plaintiff's *pro se* status.

## II. Motion to Dismiss

### A. Legal Standard

Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Pleadings are to give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), overruled in part on other grounds by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move, in lieu of an answer, for dismissal of a complaint for "failure to state a claim upon which relief can be granted." To resolve such a motion, courts "must accept as true all [factual] allegations contained in a complaint," but need not accept "legal conclusions." *Iqbal*, 556 U.S. at 678. For this reason, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to insulate a claim against dismissal. *Id*. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Notably, courts may only consider the complaint itself, documents that are attached to or referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the

plaintiff knew of when bringing suit, and matters of which judicial notice may be taken. *See Roth v. Jennings*, 489 F. 3d 499, 509 (2d Cir. 2007).

### B.  Statute of Limitations

Defendants contend that the complaint should be dismissed as barred by the applicable statute of limitations. (Mem. of Law in Supp. of Defs.' Mot. ("Defs.' Mem.") at 9-10, Doc. Entry No. 22.) Section 1983 actions filed in New York are subject to a three-year statute of limitations. *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013). Thus, any of Plaintiff's claims that accrued more than three years before the complaint was filed must be dismissed. The Second Circuit has held that "accrual occurs when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id.* at 518 (citing *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002)). The Defendants bear the burden of establishing that the limitations period has expired since the Plaintiff's claims accrued. *Overall v. Estate of Klotz*, 52 F.3d 398, 403 (2d Cir. 1995). In the context of a motion to dismiss based on a statute of limitations, "dismissal is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999). Since Plaintiff filed this suit on November 15, 2012, claims that accrued before November 15, 2009 must be dismissed. The Court considers each of Plaintiff's claims in turn.

####   1.  *Early termination claim*

Defendants argue that Plaintiff's early termination claim accrued on October 7, 2009, when Plaintiff received a letter from Officer Staniszewski and William McCartney indicating that Plaintiff was still subject to Parole supervision (the "Letter"). (Defs.' Mem. at 10.) Plaintiff argues that the Letter did not constitute a final decision regarding his early termination request, noting that the Letter stated, "[t]here have been no early discharges *at this point*." (Pl.'s Resp. at

11

9.) Reading Plaintiff's submissions liberally, the Court construes Plaintiff's early termination request allegations as two distinct claims: one regarding Defendant's delay in deciding Plaintiff's request, and the other regarding Defendants denial of Plaintiff's request. The Court considers separately whether each is timebarred.

The Court finds that Plaintiff's claim that Defendants delayed decision on his early termination request accrued before November 15, 2009, and, therefore, is barred by the statute of limitations. Plaintiff initially sought termination of his special parole conditions in February 2009. (Compl, ¶ 4.) Plaintiff understood that decisions were normally made within two weeks. (*Id.* ¶ 5.) Plaintiff was aware that a decision had not yet been made in March and April of 2009, and he finally wrote to Chairwoman Evans in August 2009 to inquire about the status of his request. (*Id.* ¶¶ 6-10, 14.) Thus, it is clear from the complaint that Plaintiff had reason to know that decision on his request was delayed no later than August 2009. Accordingly, Plaintiff's claim for relief based on Defendants' delay in resolving his early termination request is dismissed as time-barred.

However, Defendants have failed to establish that Plaintiff's claim regarding the denial of his early termination request is time-barred. On October 7, 2009, Plaintiff received a letter from Officer Staniszewski and Bureau Chief William McCartney, stating, "[Y]ou are still subject to [p]arole supervision. Your M.E. date is 3/5/12. There have been no early discharges granted at this point." (*Id.* ¶ 15.) It is not clear from the complaint whether this letter was a final denial of Plaintiff's request or whether his request was still under consideration at that juncture. Nor does the record reflect communications from the Defendants, prior to November 15, 2009 or otherwise, informing Plaintiff that his request was denied. Thus, Defendants have failed to bear their burden of establishing that the Plaintiff knew or should have known that his early

termination request had been denied, as opposed to merely delayed, before November 15, 2009. Accordingly, Plaintiff's claim for relief based on Defendants' denial of his early termination request is not dismissed as time barred.

In sum, Plaintiff's claim for relief based on Defendants' delay in resolving his early termination request is dismissed as time barred, but his claim that Defendants' violated his rights by denying his request is timely.

2.      *Diversion program claim*

Defendants' motion does not address whether Plaintiff's diversion program claim is time barred. (*See* Defs.' Mem. at 9-10.) In their reply brief, however, Defendants argue that this claim should be time barred because it "initially arose" from Defendants' denial of Plaintiff's early termination request. (Defs.' Reply at 3.) Defendants refer to Plaintiff's contention that his early termination claim is "inextricably intertwined" with his diversion program claim. (Pl.'s Resp. at 10.) According to Plaintiff, Defendants could not have opposed his placement into the judicial diversion program if they had granted his early termination request. (*Id.* at 10-11.)

As a preliminary matter, the Court need not address arguments made for the first time in a reply brief. *United States v. Yousef*, 327 F.3d 56, 115 (2d Cir. 2003) ("We will not consider an argument raised for the first time in a reply brief.") Even if Defendants' argument were not waived, it would fail on the merits. Whether Plaintiff's claims are factually linked is not determinative of Plaintiff's knowledge of the alleged injury. Plaintiff alleges that Defendants Meeks and Staniszewski gave false information to the drug court in July 2010. Defendants have not identified any earlier conduct that could have alerted Plaintiff of the alleged injury. Thus, the Court finds that Plaintiff's diversion program claim accrued after November 15, 2009.

Accordingly, Plaintiff's diversion program claim is not time-barred.

### 3. *Sentence miscalculation claim*

Defendants do not address whether Plaintiff's sentence miscalculation claim is barred by the three-year statute of limitations. According to the complaint, Plaintiff wrote to Chairwoman Evans seeking a certificate of discharge on his 2004 sentence for third degree robbery and third degree burglary on November 23, 2010. (Compl. ¶ 22.) He received a letter indicating that he could not be granted a notice of discharge because he had not completed his sentence on March 25, 2011. There is no indication that Plaintiff was aware of Defendants' alleged miscalculation until March 25, 2011. Accordingly, Plaintiff's claim regarding the length of his sentence is not barred by the statute of limitations.

### C. Failure to State a Claim

Defendants also contend that the complaint should be dismissed for failure to state a claim upon which relief may be granted. (Defs.' Mem. at 10-12.) However, defendants' submissions do not adequately address this argument. Defendants' twelve-page memorandum devotes only one and one half pages to this issue, and it fails to address Plaintiff's early termination and sentence miscalculation claims. (*Id.*) Defendants' reply memorandum devotes only one paragraph to their motion to dismiss for failure to state a claim and is similarly unhelpful. (Defs.' Reply at 4-5.) Accordingly, Defendants' motion for failure to state a claim is denied as to Plaintiff's early termination and sentence miscalculation claims.

With respect to the diversion program claim, the only one of Plaintiff's claims that Defendants even arguably touch upon, Defendants argue that: 1) the Second Circuit has not recognized a due process right for an inmate to have allegedly incorrect information in his parole file corrected; and 2) Plaintiff "concedes that his own [drug use] made him ineligible for any Judicial Diversion Program that could have made him eligible for an early discharge." (Defs.'

Mem. at 11-12.) As discussed above, Plaintiff seeks injunctive relief beyond having his parole file corrected, as well as monetary damages against the Defendants in their personal capacities. With respect to the argument that Plaintiff was ineligible for a diversion program, Defendants have not demonstrated that prior drug use precluded participation in the diversion program, nor is that clear from the face of the complaint. Accordingly, Defendants' motion to dismiss Plaintiff's judicial diversion claim is denied.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's motion for reconsideration is denied. Defendants' motion to dismiss is granted to the extent that Plaintiff's claim for relief based on Defendants' delay in resolving his early termination request is dismissed as time-barred. The remainder of Defendants' motion to dismiss is denied.

SO ORDERED.
Dated: Brooklyn, New York
       July 21, 2014

_____/s/_____
DORA L. IRIZARRY
United States District Judge