UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MICHAEL BONANO, *pro se*,

       Plaintiff,

   -against-

SENIOR PAROLE OFFICER ILENE
STANISZEWSKI, et al.,

       Defendants.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER
ADOPTING REPORT AND
RECOMMENDATION**
12-CV-5879 (DLI) (LB)

**DORA L. IRIZARRY, Chief United States District Judge:**

  On November 26, 2012, Plaintiff Michael Bonano ("Plaintiff"), proceeding *pro se*, initiated this action against Defendants Senior Parole Officer Ilene Staniszewski, Bureau Chief William McCartney, Assistant Commissioner Andrea W. Evans, Chief Counsel Terrence X. Tracy, Drug Treatment Court Case Manager Amanda Meeks, Assistant Director of Operations Francis J. Caruso, and the New York State Division of Parole (collectively, "Defendants"), alleging various claims under 42 U.S.C. § 1983. *See* Complaint ("Compl."), Dkt. Entry No. 1. In decisions dated August 29, 2013 and July 21, 2014, the Court dismissed some claims on statute of limitations and immunity grounds. *See* Aug. 29, 2013 Mem. & Order ("Aug. 2013 M & O"), Dkt. Entry No. 7; Jul. 7, 2014 Mem. & Order ("Jul. 2014 M & O"). The "causes of action" identified in the Complaint are distilled into: (1) miscalculation the maximum expiration date of his sentence (*e.g.*, Compl. at 25-26); (2) falsification of parole records in opposing his application for a drug diversion program (*e.g.*, *Id*. at 23-25); and (3) First Amendment Retaliation (*e.g.*, *Id*. at 23-26).

  Defendants moved for summary judgment on Plaintiff's remaining claims on June 5, 2015. *See* Mem. of Law in Supp. of Def. Mot. for Sum. J. ("Def. Mot."), Dkt. Entry No. 104. Plaintiff opposed with an eighty-five page submission. *See* Resp. to Mot. ("Pl. Opp."), Dkt. Entry No. 105.

Defendants served their reply, and filed the fully briefed motion, on November 24, 2015. *See* Reply Mem. of Law in Further Supp. of Def. Mot. for Sum. J. ("Def. Reply"), Dkt. Entry No. 106.

On June 16, 2016, this Court referred the motion for summary judgment to United States Magistrate Judge Lois Bloom for a preparation of a Report and Recommendation ("R & R"). On September 2, 2016, Magistrate Judge Bloom issued a thorough and well-reasoned R & R recommending that the Court grant Defendants' motion in its entirety and dismiss the action. In assessing the motion, the magistrate judge found that: (1) New York State is shielded against § 1983 actions by the Eleventh Amendment (R & R at 9-10); (2) challenges concerning the duration of Plaintiff's imprisonment are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and its progeny (*Id*. at 10-15); (3) submission of false information regarding Plaintiff's application to a discretionary drug diversion program does not concern a protected liberty interest (*Id*. at 15-16); and (4) Plaintiff failed to establish either an "adverse action" or a causal connection between the protected conduct and the alleged retaliatory conduct (*Id*. at 16-21).

After the time to file objections expired and the Court entered an Order adopting the R & R, this Court received a letter from Plaintiff requesting an extension of time within which to file his objections. *See* Mot. for Extension, Dkt. Entry No. 113. Despite the lateness of the request, and in deference to Plaintiff's *pro se* status, the request was granted, and Plaintiff's time to object was extended until December 15, 2016. *See* Nov. 16, 2016 Order. Plaintiff's objections were received on December 28, 2016. *See* Objs. to R & R, ("Objs."), Dkt. Entry No. 119.[1] Defendants

---

[1] Plaintiff supplemented his objections with materials missing from the initial filing. *See* Dec. 19, 2016 Not. ("Objs. Supp."), Dkt. Entry No. 120.

opposed. *See* Def. Resp. in Opp. to Pl. Objs. to R & R and Mem. of Law in Opp. to Pl. Mot. for Sanctions[2] ("Objs. Opp."), Dkt. Entry No. 127.

For the reasons below, the objections are overruled, the R & R is adopted in its entirety, and this action is dismissed.

## DISCUSSION[3]

When a party objects to an R&R, a district judge must make a *de novo* determination as to those portions of the R & R to which a party objects. *See* FED. R. CIV. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Pursuant to the standard often articulated by the district courts of this Circuit, "[i]f a party simply relitigates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Antrobus v. New York City Dep't of Sanitation*, No. 11-CV-5434 (CBA) (LB), 2016 WL 5390120, at * 1 (E.D.N.Y. Sept. 26, 2016) (internal citations and quotation marks omitted); *see also Rolle v. Educ. Bus Transp., Inc.*, No. 13-CV-1729 (SJF) (AKT), 2014 WL 4662267, at *1 (E.D.N.Y. Sept. 17, 2014) ("[A] rehashing of the same arguments set forth in the original papers . . . would reduce the magistrate's work to something akin to a meaningless dress rehearsal.") (internal citations and quotation marks omitted). On the other hand, the Second Circuit Court of Appeals has suggested that a clear error review may not be appropriate "where arguably 'the only way for [a party] to raise . . . arguments [is] to reiterate them.'" *Moss v. Colvin*, 845 F.3d 516, 520 n.2 (2d Cir. 2017) (quoting *Watson v. Geithner*, No. 11-CV-9527 (AJN), 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013)). Nonetheless, a court will not "ordinarily . . . consider arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first

---

[2] Plaintiff's motion for sanctions will be addressed in a separate ECF Order to be issued after the posting of this Memorandum and Order.

[3] The Court assumes familiarity with the facts as set forth in the R & R. *See* R & R at 2-8.

instance." *Santiago v. City of New York*, No. 15-CV-517 (NGG) (RER), 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 26, 2016) (internal citation and quotation marks omitted). After its review, the district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

When an individual is proceeding *pro se*, his objections "generally [should be] accorded leniency and should be construed to raise the strongest arguments that they suggest." *Williams v. Woodhull Med. & Mental Health Ctr.*, 891 F. Supp. 2d 301, 310 (E.D.N.Y. 2010) (internal citations and quotation marks omitted). "Nevertheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023 (LTS) (JCF), 2008 WL 2811816, at *1 (S.D.N.Y. Jul. 21, 2008), *aff'd* 367 F. App'x 210 (2d Cir. 2010) (internal citations and quotation marks omitted).

**A.    PLAINTIFF'S OBJECTIONS**

Plaintiff's four objections are that the magistrate judge erred by: (1) applying an incorrect summary judgment standard (Objs. at 7-8); (2) misapplying the Supreme Court's guidance in *Heck v. Humphrey* (Objs. at 8-15); (3) finding that he failed to present a *prima facie* claim of First Amendment Retaliation (Objs. at 15-19; Objs. Supp. at 4); and (4) coming to incorrect factual conclusions (Objs. at 1-7).

**1. The Magistrate Judge Stated the Proper Standard for Summary Judgment**

In a sweeping objection to the R&R, Plaintiff claims that the magistrate judge misstated the standard for evaluating a motion for summary judgment. *See* Objs. at 7-8. Such a conclusory argument, even from a *pro se* party, merely requires this Court to review the relevant portion of

the R & R for clear error. *See Williams*, 891 F. Supp. 2d at 310. The Court finds no clear error in the summary judgment standard stated by the magistrate judge. *See* R & R at 8-9 (internal citations and quotation marks omitted); *see also Fabrikant v. French*, 691 F.3d 193, 205 (2d Cir. 2012); *F.D.I.C. v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010); *Hayut v. State Univ. of N.Y.*, 352 F.3d 733, 743 (2d Cir. 2003). Accordingly, this objection is overruled.

### 2. *Heck's* Favorable Termination Requirement Bars Plaintiff's Claims Concerning the Duration of His Sentence

Plaintiff also challenges the magistrate judge's interpretation and application of *Heck* to his claims concerning the duration of his incarceration. The Court reviews this objection *de novo*.

In *Heck*, the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (emphasis in original). The principle discussed in the passage quoted above bars actions that necessarily impugn the propriety of a conviction or sentence unless it has been invalidated. This prohibition extends to any § 1983 action if a successful claim "would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (internal citations omitted).

The Court finds that the holding of *Heck* and its progeny squarely bars all of the § 1983 claims that would call the duration of Plaintiff's sentence into question. Such claims are nothing more than roundabout ways of asking this Court to meddle, inappropriately, in the criminal sentence imposed and calculated by New York State. The Court cannot and will not address such

§ 1983 claims absent a showing that Plaintiff's sentence meets the favorable termination requirement.

Consequently, Plaintiff's objections are overruled, the R & R is adopted, and any claims challenging the duration of the state sentence are dismissed.

### 3. The Magistrate Judge Made Proper Factual Determinations and Correctly Found that Plaintiff Failed to Present a *Prima Facie* Claim of Retaliation

Plaintiff's two remaining objections rehash arguments made before the magistrate judge in his opposition to the motion for summary judgment. In fact, the objections consistently cite to his previous submission for those arguments. *See, e.g.*, Objs. at 3-6 (citing Plaintiff's opposition papers to support the objection concerning factual conclusions), 15-16 (citing Plaintiff's opposition papers to support his retaliation claim). Since Plaintiff merely regurgitates the arguments he already presented in the first instance, and the Court finds no clear error in the referenced portions of the R & R, these objections are overruled.

## CONCLUSION

For the reasons set forth above, upon due consideration and review, and including those portions of the R & R to which the parties did not object, the recommendations contained in the R & R are adopted in their entirety. Accordingly, as there is no genuine issue of material fact, Defendants' motion for summary judgment is granted, and this case is dismissed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of appeal.

SO ORDERED.

Dated: Brooklyn, New York
September 22, 2017

/s/
DORA L. IRIZARRY
Chief Judge